T.C. Summary Opinion 2020-27

UNITED STATES TAX COURT

YOHANNES TEKA LAKEW AND SEBLE BETE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1854-18S.                     Filed November 4, 2020.

Yohannes Teka Lakew and Seble Bete, pro sese.

<u>Jacob Russin</u>, for respondent.

## SUMMARY OPINION[1]

GREAVES, <u>Judge</u>: This case was heard pursuant to the provisions of section 7463[2] of the Internal Revenue Code in effect when the petition was filed. Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined for petitioners' 2015 taxable year a deficiency of $9,005 and a section 6662(a) accuracy-related penalty of $1,801.

After respondent's concession,[3] the issues for decision are whether petitioners are (1) entitled to offset gross receipts by unreported cash refunds and (2) liable for a section 6662(a) accuracy-related penalty. We resolve both issues in respondent's favor.

---

[1]This case was tried before Judge Robert P. Ruwe on December 4, 2019. The Court issued an order proposing to reassign this case to another judicial officer for purposes of preparing the opinion and entering the decision based on the record of trial, or, alternatively, allowing the parties to request a new trial. The parties did not object to the reassignment of the case. By order dated August 31, 2020, this case was submitted to Judge Travis A. Greaves.

[2]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[3]Respondent conceded after trial that petitioners are not subject to a $470 tax on qualified plans, including individual retirement accounts, and other tax favored accounts, for 2015 as originally determined in the notice of deficiency.

## Background

The parties filed a stipulation of facts that is incorporated by this reference. Petitioners resided in Maryland when they petitioned this Court.

Yohannes Lakew owned and operated a driving school in 2015, the year in issue. Mr. Lakew's customers made appointments and payments through a computerized system operated by a third-party contractor, Stripe, Inc. (Stripe).[4] During the year in issue some of Mr. Lakew's customers were dissatisfied with his service, and, to an extent we cannot quantify, he made cash refunds to them outside of Stripe's payment system. Stripe issued a 2015 Form 1099-K, Payment Card and Third Party Network Transactions, to Mr. Lakew that reported payments totaling $29,295; however, petitioners first saw the Form 1099-K after filing the petition in this case.

Petitioners electronically filed a joint 2015 Form 1040, U.S. Individual Income Tax Return. Petitioners included with the Form 1040 a Schedule C, Profit or Loss From Business, reporting income and expenses from Mr. Lakew's driving school. On the Schedule C petitioners reported gross income of $7,290 and total

---

[4]Mr. Lakew also used another appointment scheduling company.

expenses of $11,447. This produced a reported loss of $4,157. Petitioners did not report any returns or allowances.[5]

The IRS automated underreporter (AUR) program flagged petitioners' return because of a mismatch between the reported income and the amounts on the Form 1099-K that Stripe supplied to the IRS. On August 14, 2017, the AUR program sent petitioners a Notice CP2000 indicating that they (1) owed $9,005 in tax and (2) were liable for an accuracy-related penalty. The letter instructed petitioners to file a response by September 13, 2017, if they did not agree with the proposed adjustments.

Petitioners did not respond to the Notice CP2000. Consequently, the AUR program automatically issued petitioners a notice of deficiency on November 6, 2017, wherein respondent determined the adjustments previously proposed. Thereafter, petitioners petitioned this Court for redetermination of the deficiency and the penalty. Petitioners do not dispute that Mr. Lakew received the money reported on the Form 1099-K but contend that the driving school's gross receipts should be reduced by unreported cash refunds that Mr. Lakew paid to customers.

---

[5]Taxpayers are instructed to report any cash or credit refund given to a customer on Part I, line 2, "Returns and allowances", of the Schedule C. 2015 Instructions for Schedule C, at C-5. Pursuant to Part I, line 3 of the Schedule C, the amount reported on line 2 offsets the amount reported on line 1, "Gross receipts or sales".

## Discussion

### I. Burden of Proof

The IRS' determinations set forth in a notice of deficiency are generally presumed correct, and the taxpayer bears the burden of proving that the determination is in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Petitioners do not contend, and the evidence does not establish, that the burden of proof shifts to respondent under section 7491(a) as to any issue of fact.

### II. Unreported Cash Refunds

The principal issue is whether petitioners may offset the gross receipts from Mr. Lakew's driving school by unreported cash refunds he paid to his customers. Gross income includes all income from whatever source derived. Sec. 61(a). However, taxpayers with business income are allowed to offset the gross receipts of their business with returns and allowances when computing the business' gross income. See Pittsburgh Milk Co. v. Commissioner, 26 T.C. 707, 717 (1956); Smith v. Commissioner, T.C. Memo. 2015-214, at *11. Taxpayers must also retain sufficient records to substantiate the amount of returns and allowances reported "so long as the contents thereof may become material in the administration of any internal revenue law." Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs. With a general three-year assessment period (six years in the

case of a substantial omission of income) from the time a return is filed, a taxpayer has a duty to keep such records for no less than three years after the time such return is filed. See sec. 6501(a), (e). In satisfying this recordkeeping duty, a taxpayer's self-serving declaration is generally not sufficient. Smith v. Commissioner, at *11 (citing Weiss v. Commissioner, T.C. Memo. 1999-17).

Although Mr. Lakew issued cash refunds in connection with his driving school business, petitioners provided us with very little, if anything, in the way of credible evidence upon which to make a rational finding or estimate of the amounts of those refunds. Mr. Lakew could not produce any receipts, bank account statements, or other financial records of any kind relating to the business to support his claimed refunds, even though he remained under a clear obligation to do so. The only record of the refunds that Mr. Lakew introduced into evidence was a single document entitled Istar Driving School: Annual Summary Income Tracking Sheet (tracking sheet). This vague and uncorroborated tracking sheet, together with Mr. Lakew's testimony, are not, however, "sufficient records". The tracking sheet does not indicate what year it relates to, and petitioners did not testify as to when it was prepared. Mr. Lakew testified that he found the tracking sheet only a few days before trial. None of the figures provided in the tracking sheet can be tied to either petitioners' return or the Form 1099-K. The tracking

sheet cannot be credibly cross-checked against any other document or information with respect to even a single transaction in the 2015 tax year relating to Mr. Lakew's business, including such pertinent information as payor, payee, date, and amount for any of the claimed refunds. Mr. Lakew also introduced Yelp reviews, including one from a customer dated December 17, 2015, which stated that Mr. Lakew "said that he was going to refund the money and we are still waiting for this". The Yelp reviews offer little support that Mr. Lakew actually issued all of the claimed refunds. We therefore conclude that petitioners failed to satisfy their burden, and we sustain respondent's redetermination.

## III. Accuracy-Related Penalty

Section 6662 imposes a 20% penalty on an underpayment of tax which is attributable to a substantial understatement of income tax. Sec. 6662(a) and (b)(2). An understatement of income tax is "substantial" if it exceeds the greater of $5,000 or 10% of the tax required to be shown on the return. Sec. 6662(d)(1)(A).

Section 7491(c) generally provides that "the Secretary shall have the burden of production in any court proceeding with respect to the liability of any individual for any penalty". This burden requires the Commissioner to come forward with sufficient evidence indicating that imposition of the penalty is appropriate. See

Higbee v. Commissioner, 116 T.C. 438, 446 (2001). The Commissioner's burden of production under section 7491(c) also includes establishing compliance with section 6751(b)(1). See Graev v. Commissioner, 149 T.C. 485, 493 (2017), supplementing and overruling in part 147 T.C. 460 (2016). Section 6751(b)(1) requires personal, written supervisory approval of the "initial determination" of a penalty assessment, unless the penalty is an addition to tax under section 6651, 6654, or 6655 or is "any other penalty automatically calculated through electronic means." See sec. 6751(b). Therefore the Commissioner is considered to satisfy the burden of production if he shows an understatement of income tax to be "substantial" and, when applicable, receives timely supervisory approval of the initial determination of a penalty assessment.

The deficiency in petitioners' 2015 income tax, which we have sustained except to the extent conceded by respondent, reflects an underpayment attributable to an understatement that exceeds the greater of $5,000 or 10% of the total tax required to be shown on petitioners' 2015 tax return.[6] In addition no IRS employee was involved in the issuance or review of either the CP2000 letter or the notice of deficiency that contained the accuracy-related penalty as automatically

---

[6]Respondent's concession regarding the tax on qualified plans does not change this result.

generated by electronic means through the AUR program. Accordingly, no supervisory approval was required in this case and respondent carried his burden of production by demonstrating a "substantial" understatement of income tax.

The section 6662(a) penalty does not apply to any portion of an underpayment "if it is shown that there was a reasonable cause for such portion and that the taxpayer acted in good faith" with respect to it. Sec. 6664(c)(1). The taxpayer bears the burden of proving reasonable cause and good faith. Higbee v. Commissioner, 116 T.C. at 446-448. Petitioners offered little argument or evidence to establish that there was reasonable cause for the underpayment. Petitioners substituted as gross receipts a figure that was one-fourth the amount reported on the Form 1099-K, and for which they did not provide any credible substantiation or reasonable explanation on their 2015 return. We therefore sustain respondent's imposition of the accuracy-related penalty under section 6662(a).

To reflect the foregoing,

Decision will be entered under

Rule 155.